Amber Clements
55 maplewood Ave
Pocatello Id 83204
Plaintiff - Pro Se
208-406-1327
Clementsamber991@gmail.com

**U.S. COURTS**

SEP 2 6 2022

Rcvd_____ Filed _____ Time 3:16 pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

## UNITED STATES DISTRICT COURT

### FOR THE District of Idaho

| | |
|---|---|
| Amber Clements | Case No.: 4:22-CV-00407-DCN |
| Plaintiff, | **COMPLAINT** |
| Pocatello Police Department and Lacey A, in his individual capacity. Defendant. | _____ |
| | **42 USC 1983** |
| | **AMOUNT PRAYED FOR:** 250,000 |

PLAINTIFF, appearing *pro se*, bring this COMPLAINT against Defendant and alleges as follows:

1.

**JURISDICTION:** This Court has original jurisdiction of the federal claim contained in this Complaint pursuant to 28 USC 1331. Jurisdiction is proper in this court because:

At all times material to this complaint, and Plaintiff was a resident of Bannock County city of Pocatello, state of Idaho. Pocatello

**COMPLAINT**, page 1 of 16

Police Department is a governmental organization

2.

operating in Bannock County, City of Pocatello, State of Idaho. Defendent Lacey A, is a Police officer employed by Pocatello Police Department. The events giving rise to this complaint occured in Bannock County, City of Pocatello, State

3.

of Idaho

I'm filing this complaint against Pocatello Police Department, and Lacey A, in his individual capacity, as he is employed as an officer

4.

of the law with the Pocatello Police Department, located 911 N. 7th Ave Pocatello Id 83201, 208-234-6100. For Police Misconducts, and Constitutional violations. Officer Lacey A, is abusing

5.

his Rights and Privillages, and misused Powers, and authorities, Those who enforce the laws, are in no way above those laws

**COMPLAINT**, page 2 of 16

6.

Officer Lacey A, is Responsible Officer in an incident that occurred 4-26-22, he wrote, and submitted a detail incident Report, and Affidavit of Probable Cause, that is untrue in

7.

its entirety, its misleading, and decietfull, its untrue, and not an acurate, truthful accant of what took place from the moment he made contact with me, untill the incident ended. Officer Lacey A

8.

wrote it in a way that when anyone read it, a person would assume officer Lacey A, acted accordingly, within the bands of the law, and the scope of his authority.

9.

On 4-26-22 I was driving down El Rancho Blvd, in Pocatello Id, at 2152 hrs, There were 2 other people with me, Christian Slatten and Anthony Richard, While driving

complaint 3 of 16

<u>10.</u>

about 4 Pocatello Police vehicles passed us going in opposite direction. I observed one of the police cars turn around to get behind me, so I pulled my car over to the side

<u>11.</u>

of road and shut off the ignition. The Police car pulled up behind me, an officer got out and approached my driverside, with a flashlight in hand. The officer identified

<u>12.</u>

himself as officer Lacey, with Pocatello Police Department, and told us to keep our hands in front of us where he could see them. I asked officer Lacey why we were being

<u>13.</u>

stopped. officer than told me that they had recieved a call that a residence door had been kicked in and items taken from the home. And that my car matched discription

complaint 4 of 16

14.

of vehicle given n call. I told Officer
lacey that we had not kicked in
any doors, nor stolen any items from
anyone, or their home. I explained
we had went to my friends house

15.

and when we got there, they were
stating that somebody had broken
into the backdoor and taken
items from their house, they said
that they had cops on the way,

16.

So we left, that somebody had
broken into a house, but it was
not us. officer lacey said that
there was an officer at the residence
and he would see if he could validate

17.

my story. A very short time later,
while we were still inside of
my vehicle officer lacey stated
that we were cleared as being
persons who had kicked n a

complaint 5 of 16.

18.

door, and stolen items from a home, but that he wanted us to exit my vehicle. I argued with officer lacey, and told him we should be free to leave since we were

19.

cleared as suspects, that we had done nothing wrong, and committed no crimes. Officer refused to let us leave and made us exit my car.

20.

While I was being searched in front of a patrol car, officer lacey called in a K-9, and an officer mcarthur deployed a dog, and an outter sniff of my vehicle

21.

was done. I did not see the sniff, as I was being searched, but an alledged positive Alert was done by the dog. And officer stated they were going to do

complaint 6 of 16

22.

a search, I told all officers there
that I did not give consent, nor
permission for them to search my
car, that what they were doing
was wrong and illegal, that we

23.

had done nothing wrong, we had
been cleared as suspects, that
we were being illegaly detained
that we should of been allowed
to leave and go about our business,

24.

and they did not have the legal
right to keep us detained, nor
to search my car, I was laughed
at, and told to shut my mouth,
and officers did as they pleased,

25.

According to passenger Christian
Slatten, who witnessed the gutter
sniff, officers coached and
pointed, touched my car and
told the dog to sniff, and it

complaint 7 of 16

26.

was not a proper "sniff" at all,
and audio, as well as, n car dash
cam will verify if proper procedure
was followed when K-9 did atter
sniff, with that said, I did

27.

not have any keys with me to unlock
my car for officers to search,
so officer lacey A ordered a lock
smith to come to the location, and
bredee into my car so officers

28.

could search my vehicle, when
officers searched my car, paraphenclia
was located, and officer lacey A
told me that f I did not allow
him to charge me with criminal

29.

charges, all other occupents of
my vehicle would be verten to jail
and charged as well, so officer
lacey A charged me with, Possession
of A controlled substance ID code 37-2732(a)(1)

complaint 8 of 16

and I was taken to the Bannock County Jail on a No Bond hold. I was arraigned the next day and given a $10,000 bond that I had to pay to get out of encarceration. This case is still

ongoing in the Bannock County District court, Case No. CR03-22-03705, when I got a copy of the Detailed Incident Report, along with Affidauit of Probable cause I became very

upset, Its untruthfull, and is wrote to intentionaly cover up what actually took place. officer lacey A writes that he approached my vehicle and he asks us to immediatly

exit the vehicle, and while outside of vehicle, while he's investigating purpose of stop, the k-9 was deployed, that is a lie, we remained inside of my car for

complaint 9 of 16

## 30.

30 minutes or more, and officer lacey verbally states, several times, that we were cleared as suspects, and then has us exit the car, and then a K-9 was deployed.

## 31.

It was illegal search and siezure, prolonged detention, a warrantless search, with nothing in plain view to justify search

I will be requesting all audio

## 32.

and video from officers body cam/audio and all dash cam police vehicle that were present, all will validate claims in this complaint, and will speak for themselves.

## 33.

I will also provide a copy of article published in the Idaho State Journal, dated Feb 4 2020 to show that as per policy of Pocatello Police Department, officers are to have on body

complaint 10 of 16

34

cam and audio, any time a stop is initiated
by Pocatello law enforcement, and all officers
are equiped with Body cams, Audio and
video in this case will show Police

35

misconduct, and Constitutional violations
against myself, as well as other passenger
of my vehicle. There were several
Pocatello Police officers present on

36

4·26·22, yet my attorney has only
recieved one Detailed Incident Report,
done by lacey A, where are all
the other officers reports?

37

Rights violated are; Inalienable Right
of men, Right to Bail and Cruel/
unusual Punishment; Guarantees in
Criminal Actions and Due Process of law
Right of eminent domain; Rights against
unreasonable Searches & Siezures. Right
to have Justice to be freely and speedily
Administered; as well as any and all not
specified, that applies to this case

38

These can be found in The Constitution of the State of Idaho, Article 1 - Declaration of Rights; section 1, 6, 14, 17, and 18

39

I'm asking for damages in the amount of $250,000, including the $10,000 I've had to pay thus far, with chances of more as this case is still

40

ongoing, for emotional distress, defamation, as I've been turned down employment because of these charges, it has cost negativity to

41

my character, and will continue to do so, it will reflect on my record for the rest of my life. It is wrong, moraly ethicly, and legaly. all unjustified intrusions, without just cause, as I had done no wrongs and committed no crimes. I want officers held accountable and for them to apologize publicly for injustices caused by them.

92

I seek relief and Remedy, to be administered speedily and in the Interest of Justice.

I am in fear of retaliations and harassment once this complaint is filed and recieved by Pocatello Police Department, and officers. I do Reserve all Rights to Grieve and to seek Remedy in these matters, and

I will document and Report any, and all retaliations that may occur once this complaint is filed.

complaint 13 of 16

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

Sixth Amendment to U.S. Constitution; 14th Amendment to U.S. constitution; 4th Amendment to U.S Constitution; all other Applicable

43

Plaintiff re-alleges and incorporate Paragraphs 1—16 's if fully set forth here.

44

Defendents actions constitute civil right violations Illegal search and Siezurei prolonged detenment, prolonged stop, lacle Due Process of law, violations of devartment proceedures, It is a crime for one or more persons acting under

color of law willfully deprive or conspire to deprive another person of any right protected by the Constitution or law of the U.S, 18 USC 241-242, Its unlawful for stete and local law enforcement officers to engage in a pattern or practice of

45

conduct that deprives persons of Rights
protected by the Constitution or laws
of the U.S. 34 USC. 12601

Police misconduct refers to inapropriate

46

conduct and illegal actions taken by
police officers in connection with
their officials duties. I believe this
case and situation apply to all.
Also Noble cause Corruption where

47

the officer believes the good outcomes
justify bad behavior. All these
lead to a miscarriage of Justice.
and a obstruction of Justice

complaint 15 of 16

## PRAYER FOR RELIEF

48

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for # 250,000 representing 10,000 in Bonds, with odds of more, due to own case, emotional distress, economical loss due to negativity on character, any other not specified, but do apply.

-A money award for Plaintiff's costs and disbursements associated with bringing this

action.

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on: 9-26-22

By: _Amber Renee_

Sept. 26, 2022

_____

_____

_____

_____

_____

**COMPLAINT**, page _16_ of _16_

Filed: 04/27/2022 11:03:24
Sixth Judicial District, Bannock County
Jason Dixon, Clerk of the Court
By: Deputy Clerk - Cornwall, KaEira



IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

| | |
|---|---|
| STATE OF IDAHO, | |
| Plaintiff, | CASE NO. CR03-22-03705 |
| vs. | AFFIDAVIT OF PROBABLE CAUSE |
| AMBER MARIE CLEMENTS, | |
| Defendant. | |

STATE OF IDAHO,  )
                 ) ss
COUNTY OF BANNOCK )

JANIECE PRICE, being first duly sworn, deposes and says that:

I am a Chief Deputy Prosecutor with the Bannock County Prosecutor's Office. I have conducted an investigation regarding AMBER MARIE CLEMENTS. Based on that investigation, I have requested a Sixth District Magistrate Judge to make a determination of probable cause to hold or set bond on the above-named defendant for the public offense(s) of:

POSSESSION OF A CONTROLLED SUBSTANCE, Idaho Code §37-2732(c)(1)

The basis for the request is the information set forth in a supplementary police report which is designated as Exhibit "A" attached hereto. I further depose and say that I have read Exhibit "A" and all the contents are true to the best of my knowledge, and that I personally know the author of that report to be a law enforcement officer whom I believe to be credible and reliable.

DATED this 27th day of April, 2022.

_____
JANIECE PRICE

AFFIDAVIT OF PROBABLE CAUSE - Page 1

STATE OF IDAHO            )
                         ) ss
COUNTY OF BANNOCK         )

    JANIECE PRICE, known to me to be the person whose name is subscribed to the within instrument, acknowledged to me that s/he has executed the same and that s/he read the same and that the same was true to the best of his/her knowledge.

    DATED this 27th day of April, 2022

                            _David Acoste_____
                         NOTARY/MAGISTRATE

AFFIDAVIT OF PROBABLE CAUSE - Page 2

```
04/27/22                                                                        4011
08:26                          Detail Incident Report                  Page:       1

Incident #: 22-P07744

LAW INCIDENT:
------------------

Nature: BURGLARY                    Address: 1301 El Rancho Blvd
Location:                           City: Pocatello          ST: ID  Zip: 83201

Offense Codes: BURG
Received By: BERRY,N           How Received: Telephone             Agency: PPD
Rspndg Officers: FETCHEN,C        LACEY,A          TORRES,F          MCARTHUR
Rspnsbl Officer: LACEY,A          Disposition: Active             on 04/26/22
When Reported: 21:51:47 04/26/22
Occurred: Between 21:51:38 04/26/22    and 21:52:35 04/26/22

REPORTEES:
-----------

NAME: CATES, DAYTON E.                              Name Number: 283463
Race: W  Sex: M  DOB: 04/10/94    SSN: 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
Address: 1301 EL RANCHO BLVD, POCATELLO, ID 83201
Home Phone: (208)251-5542          Work Phone: (   )    -

WITNESSES:
-----------

NAME: CATES, RAEJEAN                                Name Number: C230654
Race: W  Sex: F  DOB: 01/24/71    SSN: 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
Address: 1301 EL RANCHO BLVD, POCATELLO, ID 83201
Home Phone: (208)406-0069          Work Phone: (208)237-7461

SUSPECTS:
-----------

NAME: SLATTEN, CHRISTIAN M.                         Name Number: 165352
Race: W  Sex: M  DOB: 06/18/72    SSN: 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
Height: 5'06"  Weight: 160  Hair: BRO Eyes: BRO
Address: 3425 WEST TULARI AVE, VISALIA, CA 93277
Home Telephone: (559)909-8775      Work Telephone: (   )    -

NAME: CLEMENTS, AMBER M.                            Name Number: P0032969
Race: W  Sex: F  DOB: 03/17/81    SSN: 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
Height: 6'00"  Weight: 180  Hair: BRO Eyes: GRN
Address: 58 Maplewood Ave, Pocatello, ID 83204
Home Telephone: (208)530-8118      Work Telephone: (208)242-7086

NAME: RICKARD, ANTHONY A.                           Name Number: P0096025
Race: W  Sex: M  DOB: 07/10/89    SSN: 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
Height: 5'11"  Weight: 270  Hair: SDY Eyes: BLU
Address: 1270 Swisher Rd, Pocatello, ID 83204
Home Telephone: (208)240-3880      Work Telephone: (208)478-2057
```

04/27/22                                                                                              4011
08:26                          Detail Incident Report                                    Page:       2

Incident #: 22-P07744

NARRATIVE:
----------

SUPPLEMENTAL NARRATIVE:
------------------------

ARREST:                      AFFIDAVIT OF PROBABLE CAUSE
                                 ARREST REPORT

Date: 4/26/22          Time: 2331        Officer: A. Lacey

Arrestee's Name: Amber Clements
DOB:                   03/17/81
Charge:   Possession of methamphetamine
Citation #:  Felony
Bond:       No Bond
LI#:  22-P07744

SYNOPSIS:

On 4/26/22 at approximately 2153 hours, I responded to the area of 1301 El
Rancho in Pocatello, Idaho, in reference to a burglary in progress. It was
reported that a two males and a single female had broken in to the residence
through the back door. The subjects were reported to be still at the residence.
The suspects were identified as ANTHONY RICKARD, AMBER CLEMENTS, and male named
CHRIS. A few minutes later it was reported that the three suspects had enter a
black car and were leaving the area. I received this information when I was on
El Rancho traveling east towards the residence. I observed the a black vehicle
matching the suspect vehicle's description headed west bound from the address. I
observed a female driver and a male passenger as the driver's window was
partially down. I turned my patrol vehicle around to conduct a traffic stop on
the suspect vehicle. I caught up to the vehicle in the area of 1422 Spaulding.
The vehicle had already pulled over and the lights were shut off in an attempt
to blend in the neighborhood. I conducted a traffic stop on the vehicle, bearing
Idaho license plate 1BBP819.

I made contact with driver who was a female, and two passengers in the car that
were both male. I recognized the passenger as ANTHONY RICKARD. This confirmed to
me that this was the suspect vehicle in regards to the burglary investigation.
The male rear passenger identified himself as CHRISTIAN SLATTEN. I had all three
occupants of the vehicle exit. I had them roll up the windows of the vehicle and
close the doors. I advised them that they were detained. I first spoke to AMBER
CLEMENTS and provided her with her Miranda Rights. I asked her about what had
happened at the residence on El Rancho. She said they were invited over and that
they had not broken in. While AMBER was speaking to me Officer McArthur deployed
her K9 partner and conducted an exterior sniff on the suspect vehicle.  I
continued to interview the other occupants of the vehicle. I was told by Officer
McArthur that her K9 partner provided a final indication on the vehicle alerting
the presence of illegal substances in the vehicle.

I made contact with Officer Fetchen who was on scene with the original reporting
party. Officer Fetchen confirmed that the three did not force their way, but had

04/27/22                                                                                    4011
08:26                          Detail Incident Report                          Page:      3

Incident #: 22-P07744

responded to the residence demanding Fentanyl pills. At this point the reporting
party just wanted them to leave the residence.  I explained this to all three
suspects, and explained they are still detained due to the indication provided
by K9 Lobo. I explained to the driver, Amber Clements, that officers were going
to search her vehicle. She advised the car was locked and she did not have keys.
A locksmith was called, responded, and allowed officers access inside the
vehicle.

Officer McArthur and Officer Torres conducted the search of the vehicle. Officer
McArthur said that foils with burnt residue were located in the center console.
A straw used to smoke suspected methamphetamine was located in a purse behind
the driver's seat. The purse had a piece of mail with AMBER CLEMENTS name
printed on it.  There was a silicone container with a brown sticky substance
located under the passenger seat. There were also two used syringes located
behind the driver's seat.

The white substance inside side the straw tested presumptive positive for
methamphetamine. At this point I placed AMBER CLEMENTS under arrest for
possession of methamphetamine. She was transported to the Bannock County Jail by
Officer McArthur.

State of Idaho                    )
                                  )            ss
County of Bannock                 )

A. Lacey  being first duly sworn, deposes and says that I am a law enforcement
officer with POCATELLO POLICE DEPARTMENT.  I have conducted an investigation
regarding Amber Clements.  Based on that investigation, I request a Sixth
District Judge to make a determination of probable cause to arrest, hold or set
bond on the above named defendant for the public offense of Possession of
Methamphetamine, a violation of I.C.37-2732.  The basis for this request is the
information set forth in a police report which is designated as Exhibit "A"
attached or within hereto.  I further depose and say that I have read Exhibit
"A" and all the contents are true to the best of my knowledge, and that I
personally know the author of that report to be a law enforcement officer whom I
believe to be credible and reliable.

Dated this_____day of _____, 20____

Officer signature_____ Pocatello Police Dept.

State of Idaho                    )
                                  )            ss
County of Bannock                 )

A. Lacey, known to me to be the person whose name is subscribed to this

04/27/22                                                                          4011
08:26                        Detail Incident Report                    Page:     4

Incident #: 22-P07744

Affidavit of Probable Cause, acknowledged to me that s/he has read and executed
the document/s and the contents are true to the best of her/his knowledge.

Subscribed and sworn before me this _____ day of _____ , 20____


                        _____
                        Notary Public

                        Commission expires on_____

Detailed Report to follow.

# Pocatello police aim to equip officers with body cams

By John O'Connell joconnell@journalnet.com   Feb 4, 2020



Lt. John Walker of the Pocatello Police Department holds up one of the body cams that is being tried out by the department.

Doug Lindley/Idaho State Journal

About two months into a trial with using body cameras, the Pocatello Police Department is sold on the concept and has set a goal of eventually equipping all 85 officers with the technology.

The department is testing five Watchguard-Motorola cameras, spreading them out among different patrol shifts and assigning a couple more to school resource officers.

Lt. John Walker, public information officer, said the department's goal is to ensure transparency and accountability.

"It's something Chief (Roger) Schei has been wanting to do for a long time," Walker said. "He wants to make sure we're responsive to the community."

The first five body cameras have already proven their worth. Walker said the department has referred to the videos to assist with some criminal cases, and they've also helped the department protect its officers from a few unfounded citizens' complaints.

"We know our officers do good work and if there are questions people can see the body cam footage," Walker said.

Walker said the department already has Panasonic cameras equipped in its patrol cars, which record data when an officer activates his or her lights. The department is still developing its policies guiding usage of the body cameras, but officers will typically press a button and activate them when they interact with the public.

"It's an extra witness to what goes on," Walker said. "It's a growing trend across the U.S."

Walker said body cameras cost between $600 and $800 each, depending on the vendor and the features offered.

"We like the product and we like what it can do for the community," Walker said. "We're finding options that will meet our budget needs as well as our technological needs."

The Bannock County Sheriff's Office has used body cameras for several years. Sheriff Lorin Nielsen said they've become an integral part of his office's equipment, and they've been useful in documenting evidence of probable cause for his deputies.

"They've been extremely effective in solving disputes and solving problems and also in covering the officer," Nielsen said. "Instead of a he said, she said, he can push play. Along with the car videos, this is the next step."

Nielsen said his office also uses the videos to train deputies regarding how people react in various situations.