UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMBER CLEMENTS, | Case No. 4:22-cv-00407-DCN |
| Plaintiff, | **INITIAL REVIEW ORDER** |
| v. | |
| POCATELLO POLICE DEPARTMENT, and A. LACEY, in his individual capacity, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Amber Clements's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, this Court must review Clements's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Clements's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Clements's Application to proceed in forma pauperis. Additionally, after an initial review of Clements's Complaint, the Court finds it meets the minimum standards in regard to Defendant Lacey, but not as it relates to the Pocatello Police Department. Therefore, Clements will be granted leave to

amend her complaint if she wishes to proceed against the Pocatello Police Department.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has examined Clements's application to proceed in forma pauperis and finds that it is in the proper form and adequately establishes her indigence. In her application, Clements reports that her gross monthly income is $0 and that her monthly expenses are approximately $900. Dkt. 1, at 2, 4. Clements has a minor aged daughter dependent upon her support. Although is not clear from the application how Clements covers the deficit between expenses and income each month, she has sufficiently proven her indigence under 28 U.S.C. § 1915 and may proceed without the prepayment of the requisite filing fees.

That said, the Court must address another matter related to the issue of payment—

ORDER – 2

a bond. Prior to initiating a lawsuit against a law enforcement officer, Idaho Code Section 6-610(2) requires a plaintiff to post a bond. A court, however, may waive costs, fees, and security for indigents. Idaho Code § 31-3220. If a party files an affidavit stating that he is indigent and unable to pay the costs, fees, and security associated with his case, the court can waive any such monetary amounts if it finds—after informal inquiry—that the party is indigent. *Id.* This statute applies to bonds required under Idaho Code Section 6-610. *Tayson v. Bannock County*, 2012 WL 397734 (D. Idaho 2012).

Although Clements has not filed a waiver for the bond[1], she has filed the present motion claiming she is indigent. Dkt. 1, at 2, 4. In her motion, Clements claims she has limited-to-no assets or income stream, and some debt obligations. *Id.* The Court finds that her indigency is established; however, it appears that, with some diligence, she can afford a small bond. Thus, the Court will not waive the bond requirement altogether, but will set a bond in a nominal amount. *See Raymond v. Sloan*, 2013 WL 6405020, at *1 (D. Idaho 2013); *Thiemann v. Donahue*, 2014 WL 2948996, at *1 (D. Idaho 2014).

The Court will set a bond at $250.00.[2]

The Court next turns to its initial review of Clements's Complaint.

---

[1] The Court recognizes that Clements is likely unaware of the statutory requirement for a bond in this situation. However, the Court will raise the issue sua sponte in order to be statutorily compliant.

[2] The question may arise why the Court requires a nominal bond at all when the amount could never cover litigation expenses—the stated purpose of any bond under Idaho Code Section 6-610. While covering litigation expenses is the primary purpose of a bond under this Section, a bond is also required to ensure "diligent prosecution." Idaho Code 6-610(2). The Court wishes to safeguard the integrity of the legal process and even a nominal bond ensures that a Plaintiff has some "skin in the game." *See* Case No. 4:21-cv-00211, Dkt. 2 (setting bond at $250.00 for unemployed plaintiff); Case No. 2:22-cv-00185, Dkt. 3 (setting bond amount at $500.00 for individual whose expenses doubled her income).

## III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a Plaintiffs' Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Clements brings a § 1983 claim against the Pocatello Police Department ("the Department") and Officer A. Lacey claiming violations of the Fourth, Sixth, and Fourteenth Amendments for unreasonable search and seizure and lack of due process. Dkt. 2, at 14–15. Clements states that she was driving along El Rancho Boulevard in Pocatello, Idaho, on the night of April 26, 2022. *Id.* at 3. Four police cars drove by traveling the opposite direction, and one police car turned around to pull in behind Clements. *Id.* After being pulled over, Clements claims that she was detained for nearly thirty minutes despite

Officer Lacey stating "several times" that the occupants of the car were cleared as suspects in a nearby burglary. *Id.* at 10. Clements states that Officer Lacey ordered everyone out of the car while a K-9 unit performed sniff tests, and the K-9 officer "coached and pointed" where the dog should sniff. *Id.* at 7–8. Further, Clements asserts that police gained unlawful entry into her locked car via a locksmith without her permission or consent and lacking probable cause. *Id.* at 8. According to the Complaint, this series of events led to an illegal search and seizure in violation of the Fourth Amendment. Clements is seeking $250,000 in damages. *Id.* at 5.

When drug paraphernalia was found in the vehicle, Clements asserts Officer Lacey coerced her into accepting responsibility by threatening to charge the remaining occupants of the car if she did not. *Id.* at 8. Clements was then charged with possession of a controlled substance and subject to a $10,000 bond. According to the Complaint, this resulted in illegal detention. Further, the Complaint asserts that Officer Lacey falsified the information regarding the sequence of events in his reports and Affidavit of Probable Cause. *Id.* at 9–10. This is sufficient—*at this stage*—to satisfy Clements's low burden. She may proceed against Officer Lacey.

However, even liberally construing the facts of the Complaint outlined above, it is unclear what involvement the Pocatello Police Department played in the sequence of events involving Officer A. Lacey's alleged actions. As such, Clements must amend her Complaint to include sufficient detail regarding the Department's involvement, if any, to allow this case to proceed against them.

If amending a complaint would remedy its deficiencies, then courts should provide

plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Clements may be able to state a claim upon which relief can be granted as it relates to the Department, the Court will allow her an opportunity to amend her Complaint to remedy the lack of specific details against that defendant.

Finally, as part of her original filings, Clements filed a document entitled "Request for Production of Documents." Dkt. 4. This cannot be adjudicated at this stage of the case. The production of documents occurs during the discovery phase of litigation.

## IV. CONCLUSION

Clements has demonstrated the lack of available financial resources and may file in forma pauperis. Nevertheless, as a condition precedent, Clements must file a bond in the amount of $250.00 with the Court in accordance with Idaho law.

Additionally, upon review, the Court finds that Clements has stated some plausible claims for relief against Defendant Lacey but is lacking specificity for the Department Defendant and must amend her Complaint if she intends to proceed against that entity.[3]

## V. ORDER

1. Clements's Application for Leave to Proceed In Forma Pauperis (Dkt. 2) is GRANTED. She need not pay the filing fee in this case.

2. Clements must, however, secure and post a bond in the sum of $250.00 pursuant to Idaho Code Section 6-610 within thirty (30) days from the date of this Order.

---

[3] Clements does not have to file an Amended Complaint if she does not want to. She may proceed solely against Officer Lacey. However, if she wishes to also proceed against the Department, she must amend her complaint consistent with this decision.

3. Clements's Complaint (Dkt. 2) is sufficient as it states claims upon which relief can be granted against Defendant Lacey but is insufficient as it does not state a claim for which relief can be granted against the Department Defendant. Clements is granted leave to amend the complaint if she desires. Any amended complaint must be filed within thirty (30) days.

4. If Clements files an amended complaint, the Court will review the same and determine whether she can proceed against the Department. If Clements does not file an amended complaint, the Court will assume she intends to proceed solely against Officer Lacey.

5. If Clements post the bond, the court will proceed with service. If she fails to post the requisite bond, the Court will dismiss this case without prejudice for failure to comply with its order.

DATED: March 2, 2023

David C. Nye
Chief U.S. District Court Judge

ORDER – 7