UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMBER CLEMENTS,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER A. LACEY,<br><br>    Defendant. | Case No. 4:22-cv-00407-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

On September 26, 2022, Plaintiff Amber Clements filed an application to proceed in forma pauperis and a complaint against Defendant Officer A. Lacey. (Dkts. 1, 2). In the Initial Review Order entered on March 2, 2023, the Court granted Clements' application to proceed in forma pauperis and waived the filing fee. (Dkt. 5). The Court noted, however, that Idaho Code § 6-610(2) requires a plaintiff to post a bond before initiating a lawsuit against a law enforcement officer and set the bond amount at $250. (*Id*. at pp. 3, 6). Clements filed a motion to waive the bond, which the Court denied. (Dkts. 6, 11). Thereafter, Clements timely paid the ordered bond amount.

The Court concluded Clements' complaint "is sufficient as it states claims upon which relief can be granted against Defendant Lacey but is insufficient as it does not state a claim for which relief can be granted against the Department Defendant." (Dkt. 5 at p. 7). The Court granted Clements leave to amend her complaint within thirty (30) days from entry of the order to allow her to remedy the lack of specific details against the Department. (*Id*.). On May 28, 2023, Clements filed a Motion to Amend and to Compel Production of Documents, in which she requested the Court order the Pocatello Police Department or the Bannock County Courts to produce documents

so that she may amend her complaint. (Dkt. 7).  The Court denied the motion and dismissed claims against the Department with prejudice on July 20, 2023. (Dkt. 12).

On July 26, 2023, the Court ordered Clements to provide a physical address for Officer Lacey. (Dkt. 13 at p. 1). Clements timely provided an address and Officer Lacey waived service on August 21, 2023. (Dkts. 14, 16). On October 26, 2023, the Court entered a Scheduling Order providing dispositive motions must be filed by October 18, 2024. (Dkt. 22).

On July 31, 2024, Officer Lacey filed a Motion for Summary Judgment under Rules 37 and 56 of the Federal Rules of Civil Procedure. (Dkt. 23). On August 1, the Court notified Clements she was required to file a response to the Motion for Summary Judgment within twenty-one (21) days and further cautioned:

> **You are warned** that if you do not file your response opposing the motion within 21 days (or such other time period set by the Court), the Court will consider the facts provided by the moving party as undisputed and **may grant the motion** based on the record before it, or it **may dismiss your entire case for failure to prosecute** (abandonment of your case). See Local Rule 7.1(e)(2); Fed. R. Civ. P. 41(b).

(Dkt. 24 at p. 2) (emphasis in original). Clements' response to Officer Lacey's Motion for Summary Judgment was due by August 21, 2024. Clements has failed to file a response, however, and the time for doing so has expired. *See* Dist. Idaho Loc. Civ. R. 7.1(c)(1).

Due to Clements' failure to respond to the motion, the Court will dismiss Clements' claims against Officer Lacey for failure to comply with the Court's order and for lack of prosecution. The Ninth Circuit has developed "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley*

*Eng'rs, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057. The fifth factor "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id.*

Considering this five-factor test, the Court concludes dismissal is an appropriate sanction in this case. The first two factors plainly weigh in favor of dismissal: the public's interest in expeditious resolution of litigation and the Court's need to manage its docket. Both require action when a plaintiff refuses to prosecute a case. Regarding the third factor, Officer Lacey will be prejudiced if a sanction of dismissal is not imposed. Indeed, he is unable to move forward with his defense of this case when Clements failed to respond to the summary judgment motion and the Court's order. As to the fifth factor, the Court has considered less drastic sanctions, but none other than dismissal appear sufficient.

The Court has informed Clements of the steps she must take to defend against the summary judgment motion. Nevertheless, Clements has not responded to the summary judgment motion and has refused to comply with the Court's order. (*See* Dkt. 24). Accordingly, the Court concludes that the appropriate resolution is to dismiss the case.

**IT IS ORDERED:**

1. Motion for Summary Judgment (Dkt. 23) is **GRANTED** and this case is dismissed with prejudice in its entirety.

2. The Clerk is directed to mail a copy of this order to Clements.

DATED: October 01, 2024

Amanda K. Brailsford
U.S. District Court Judge